UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN ANGELO and LARRY ANGELO, wife/husband,<br><br>　　　　Plaintiffs,<br>　v.<br><br>CVS HEALTH CORPORATION; CVS HEATH CORPORATION d/b/a CVS PHARMACY; JOHN DOE #1-10 (fictitious) and ABC CORPORATION #1-10 (fictitious),<br><br>　　　　Defendants. | Civil Action No. 19-12215 (JXN) (AME)<br><br>**OPINION** |

**NEALS**, District Judge:

This matter comes before the Court on Defendant New Jersey CVS Pharmacy, LLC's ("CVS") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (ECF No. 56). Plaintiffs Joan Angelo and Larry Angelo ("Plaintiffs")[1] oppose the motion and cross move for summary judgment (ECF Nos. 60-61). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1332 and 1441(a), respectively. The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, CVS's motion for summary judgment (ECF No. 56) is **DENIED**, and Plaintiffs' cross-motion for summary judgment (ECF No. 61) is **GRANTED in part**, to the extent the Court finds that CVS owed Angelo a duty of care, and **DENIED in part**.

---

[1] Unless otherwise specified, references to "Angelo" in this Opinion concern Joan Angelo.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

   A. **The Incident**

This action arises from a slip-and-fall accident that Angelo experienced on property adjacent to a CVS retail store in North Arlington, New Jersey, on April 10, 2017. (CVS's Rule 56.1(a) Statement of Material Facts (ECF No. 56-2) ("DSOF")[2] ¶ 1; Plaintiffs' Response to Defendant's Statement of Material Facts (ECF No. 61-5) ("PRSOF") ¶ 1).

On the day of the incident, Angelo had driven to the store, parked her car, and began walking towards the entrance of the CVS store. (DSOF ¶ 4; PRSOF ¶ 4). During her deposition, Angelo testified that her path of travel is depicted below, highlighted by a red arrow:



(DSOF ¶ 5; PRSOF ¶ 5). As Angelo was walking in the dirt region depicted above, she tripped in the dirt area between the curbs abutting the parking lot and sidewalk for the entrance of the CVS

---

[2] For brevity, all citations to the parties' Rule 56.1 statements incorporate the evidentiary citations contained therein.

2

store. (DSOF ¶ 6; PRSOF ¶ 6). Angelo was unable to identify what caused her to fall in the dirt area. (Certification of Samuel F. Goffinet ("Goffinet Cert.") Ex. D, ECF No. 56-9 at 23:13-15). However, Angelo testified that when she fell, her "right knee went first and then [her] left went down and [she] twisted." (*Id.* at 23:21-24:2). Angelo testified she "went down in the dirt, but [her] arm ended up on the concrete because [she] scraped [her] hands." (*Id.* at 24:3-8).

Thereafter, Angelo walked into the CVS store and complained to a clerk that she had "fallen outside" and "showed him [her right] knee was bleeding" and her "left knee was red." (*Id.* at 28:18-29:1). Angelo then "asked if there was a manager[,]" and then explained to the manager what happened to her. (*Id.* at 29:4-8). Angelo testified that "[t]he clerk and [manager] both said to [her] that [she was] not the only one who's fallen there, everyone comes in and complains about that." (*Id.* at 29:8-11).

In an incident report taken that day, the manager described the incident as follows: "CUSTOMER WALKING IN FROM PARKING LOT – CUSTOMER LOS[T] FOOTING WHERE DIRT AREA AND CEMENT WERE AND FELL[.]" (Certification of Michael E. Ellery ("Ellery Cert."), Ex. E, ECF No. 61-10 at 2).

### B. The Letters Sent to CVS

JoAnn Dolan ("Dolan") was a frequent customer of the CVS store. (Plaintiffs' Statement of Material Facts (ECF No. 61-5) ("PSOF") ¶ 1; CVS's Response to Plaintiffs' Statement of Material Facts (ECF No. 63-1) ("DRSOF") ¶ 1). She testified that she had decided to write a letter to CVS because

> every time [she] went there, the way [she] parked [her] car, facing the Food Town, facing Schuyler Avenue to turn around, [she] would go straight toward the store to enter it. And the way the curbing was and the dirt and then the up-step again to get on the sidewalk to open the door, [she] felt somebody [wa]s going to get hurt.

(Ellery Cert., Ex. B, ECF No. 61-7 at 12:21-13:2).

3

In an August 19, 2016 letter, Dolan sent CVS a letter stating, in pertinent part:

> Every time I go to this CVS store I tell myself I must write to you and perhaps save an "accident ready to happen." I was there again today and decided "today is the day I write my letter.["]
>
> When parking at this store, facing Schuyler Avenue, and proceed to walk to the front door of the store . . . (This front door is on the angle of [the] store[]) and to get to this door one must step over a curb, walk on dirt, to get to the cement part of the walkway. One can very easily trip or fall, could get hurt badly if they do not look down at their feet when approaching this entry door.
>
> . . . .
>
> I think it is worthwhile for someone to look into this. Perhaps plant big bushes, close together, so no one can break through them to get to the door. Or . . . [] cement where the dirt is and make it uniform with the existing walk for a safer entry.

(Ellery Cert., Ex. A, ECF No. 61-6).

In an August 25, 2016 letter, CVS responded to Dolan's letter and stated, in pertinent part:

> We take the responsibility of serving your needs seriously. Please accept my apology for your recent experience with the condition of the pathway to the front door. I contacted the leadership team responsible for this CVS Pharmacy location.
>
> We are committed to better serving the needs of our customers, and your feedback is an important part of that process. Ms. Dolan, we value your business and look forward to serving you again soon.

(Ellery Cert, Ex. C, ECF No. 61-8).

Thereafter, in a May 15, 2017 letter, Dolan stated "[t]he problem still remains today" and enclosed photos taken in the end of April 2017 of the store. (Ellery Cert., Ex. F, ECF No. 61-11). Dolan furth expressed:

> I do not want to read that a law[]suit was filed against this store due to the bad conditions entering the main door. I am so very careful when I step up the curbing, onto the dirt, then onto the walkway to the front door.
>
> I hope the pictures are self-explanatory and will motivate you to do something quickly to make this entrance safer.

(*Id.*)

In a May 31, 2017 letter, CVS responded to Dolan's May 15, 2017 letter and expressed, in pertinent part:

4

> We take the responsibility of serving your needs seriously. I contacted our Facility Management leadership team who advised us while the repairs you suggested might not take place immediately, we are sending a team to inspect the area in order to determine what improvements could take place as soon as possible. I also wanted to make sure you're aware of the second entrance on the side of the building.
>
> Thank you again Ms. Dolan for bringing this matter to our attention. Through your input, we are committed to better serving the needs of our customers. We value your business and look forward to serving you again soon.

(Ellery Cert., Ex. H, ECF No. 61-13).

### C. Procedural History

On April 1, 2019, Plaintiffs filed a Complaint against CVS asserting four counts sounding in negligence. (*See* ECF No. 1-1). Thereafter, on May 7, 2019, CVS removed the case to federal court. (ECF No. 1).

On January 19, 2024, CVS filed a motion for summary judgment (ECF No. 56) ("Br."). On March 4, 2024, Plaintiffs opposed the motion and cross-moved for summary judgment (ECF Nos. 60-61) ("Opp'n"). On March 11, 2024, CVS filed a reply in further support of its motion and opposed Plaintiff's cross-motion (ECF No. 63) ("CVS Reply"). On April 8, 2024, Plaintiffs filed a reply in further support of their cross-motion (ECF No. 67) ("Plaintiffs' Reply"). This matter is now ripe for consideration.

## II. LEGAL STANDARD

Summary judgment is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party[;]" and "is material only if it might affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citation omitted). The moving party bears the "initial responsibility" of demonstrating the "absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party "must [then]

counter with specific facts which demonstrate that there exists a genuine issue for trial." *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996) (citation omitted). There can be "no genuine [dispute] as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence. . . ." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citation omitted). Rather, "[a]ll facts and inferences are construed in the light most favorable to the non-moving party." *Boyle v. Cnty. of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (citation omitted). And credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). Thus, the court's role is "to determine whether there is a genuine [dispute] for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### III. DISCUSSION

Because the Court hears this case pursuant to diversity jurisdiction, it must apply state substantive law to Plaintiffs' claims. *See Bezglasnaya v. Trump Ent. Resorts, Inc.*, No. 11-564, 2013 WL 796308, at *3 (D.N.J. Mar. 4, 2013) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).

To succeed on a negligence claim, a plaintiff must prove: "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015) (internal quotation marks omitted). The plaintiff must establish those elements "by some competent proof." *Id.* (internal quotation marks omitted).

Here, the instant motions turn on the second and third prongs—whether Plaintiffs can adequately demonstrate that CVS breached its duty and whether CVS's conduct proximately caused Plaintiffs' injuries. The Court will consider each prong in turn.

### A. Genuine Disputes of Material Facts Exist as to Whether CVS Breached a Duty to Plaintiffs

CVS moves for summary judgment as a matter of law on the ground that Plaintiffs cannot meet their burden of proving CVS breached a duty to Plaintiffs. (Br. at 10-11).[3] Plaintiffs cross-move for summary judgment as a matter of law establishing that CVS breached its duty of care owed to Angelo, which resulted in injury and damages to Plaintiffs. (Opp'n at 7-17). As the Court finds there are genuine disputes of material facts regarding whether CVS had actual or constructive notice of a dangerous condition, both parties' motions are denied.

Under New Jersey law, "'[b]usiness owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation.'" *Choi v. Costco Wholesale Corp.*, No. 22-3329, 2024 WL 658972, at *2 (3d Cir. Feb. 16, 2024) (quoting *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003)). "This duty of care 'requires [the] business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." *Id.* (quoting *Nisivoccia*, 818 A.2d at 316); *see also Hopkins v. Fox & Lazo Realtors*, 625 A.2d 1110, 1113 (N.J. 1993) ("Only to the invitee or business guest does a landowner owe a duty of reasonable care to guard against any dangerous conditions on his or her property that the owner either knows about or should have discovered.").[4]

---

[3] For sake of clarity, when citing the parties' briefs and supporting documents, the Court cites to the page number listed in the ECF header. If there is no page number listed in the ECF header, the Court cites to the page number listed in the respective document.

[4] As part of their cross-motion, Plaintiffs request the Court find as a matter of law that CVS owed Angelo a duty of reasonable care. (*See* Opp'n at 7-10). CVS expressed in its moving papers: "As the operator of a retail store, there is

7

When an invitee is injured on a business owner's property, the business owner "is liable for such injuries if the owner had actual or constructive knowledge of the dangerous condition that caused the accident." *Jeter v. Sam's Club*, 271 A.3d 317, 324 (N.J. 2022) (citing *Prioleau v. Ky. Fried Chicken, Inc.*, 122 A.3d 328, 335 (N.J. 2015)). An invitee seeking to hold the business owner accountable for negligence "'must prove, as an element of the cause of action,'" that the business owner had actual or constructive knowledge of the hazard. *Prioleau*, 122 A.3d at 335 (quoting *Nisivoccia*, 818 A.2d at 316). "A business owner has actual notice of a dangerous condition when it or its employees actually become aware of the condition." *Lavecchia v. Walmart Inc.*, No. 20-9035, 2023 WL 4074059, at * (D.N.J. June 20, 2023) (citing *Prioleau v. Ky. Fried. Chicken, Inc.*, 85 A.3d 1015, 1022 (N.J. Super. Ct. App. Div. Mar. 3, 2014)). "Constructive notice is imputed to a business owner if a dangerous condition exists for a long enough period such that it would be discovered and corrected by a reasonably diligent business owner." *Id.* (citing *Parmenter v. Jarvis Drug Store, Inc.*, 138 A.2d 548, 550 (N.J. Super. Ct. App. Div. Dec. 30, 1957)). The absence of actual or constructive knowledge is "fatal" to a plaintiff's premises liability claim. *Arroyo v. Durling Realty, LLC*, 78 A.3d 584, 586 (N.J. Super. Ct. App. Div. 2013).

CVS's argument hinges on Angelo's purported inability to identify the dangerous condition that led her to fall. (Br. at 10-11). CVS relies upon the following portion of Angelo's testimony:

> Q. Why don't you tell me what happened in your own words, like tell me about your fall.
>
> A. Okay. I got out of the car where I parked. I walked across the parking lot here. I stepped up and started to walk and then I just went down.

---

little doubt that CVS owes business invitees a duty of reasonable care." (Br. at 10). As CVS does not contest it owed Angelo a duty of care, the Court grants Plaintiffs' cross-motion and finds, as a matter of law, that CVS owed Angelo a duty of care.

> Q. Do you know what caused you to go down?
>
> A. No.
>
> Q. When you say you stepped up, it's not like your foot hit the curb?
>
> A. No. I stepped up. I had both feet up. I stepped up, brought my other foot up, as I went to step forward is when I went down.

(Goffinet Cert., Ex. D, ECF No. 56-9 at 23:7-20). If this were the only record evidence regarding Angelo's fall, the Court would be inclined to agree with CVS. However, Angelo also testified that she was in the "triangular dirt area" when she had begun to fall. (*Id.* at 24:13-17). Additionally, the incident report created by CVS also stated "CUSTOMER WALKING IN FROM PARKING LOT – CUSTOMER LOS[T] FOOTING WHERE DIRT AREA AND CEMENT WERE AND FELL[.]" (Ellery Cert., Ex. E, ECF No. 61-10 at 2). The Court finds there is a triable issue of fact as to whether there was a dangerous condition.

The parties also dispute whether CVS had either actual or constructive knowledge of the dangerous condition. (Br. at 10-11; Opp'n at 10-14). As part of its cross-motion, Plaintiffs submitted the August 19, 2016 letter that Dolan sent to CVS, whereby Dolan wrote to CVS to "perhaps save an 'accident ready to happen.'" (*See* Ellery Cert., Ex. A, ECF No. 61-6). In the letter, Dolan also expressed:

> When parking at this store, facing Schuyler Avenue, and proceed to walk to the front door of the store . . . (This front door is on the angle of [the] store[]) and to get to this door one must step over a curb, walk on dirt, to get to the cement part of the walkway. One can very easily trip or fall, could get hurt badly if they do not look down at their feet when approaching this entry door.

(*Id.*). Dolan testified that she wrote the letter because

> every time [she] went there, the way [she] parked [her] car, facing the Food Town, facing Schuyler Avenue to turn around, [she] would go straight toward the store to enter it. And the way the curbing was and the dirt and then the up-step again to get on the sidewalk to open the door, [she] felt somebody [wa]s going to get hurt.

(Ellery Cert., Ex. B, ECF No. 61-7 at 12:21-13:2).

Further, in a letter dated August 25, 2016, CVS responded to Dolan's letter stating, in relevant part: "We take the responsibility of serving your needs seriously. Please accept my apology for your recent experience with the condition of the pathway to the front door[,]" and advised that it "contacted the leadership team responsible for this CVS Pharmacy location." (*See* Ellery Cert., Ex. C, ECF No. 61-8). This letter was sent over seven months before Angelo's accident.

Beyond the letters, Angelo further testified that after she fell, she went inside the CVS location and explained to a clerk and manager what happened to her. (Goffinet Cert, Ex. D, ECF No. 56-9 at 28:18-8). Angelo testified that "[t]he clerk and [manager] both said to [her] that [she] was not the only one who's fallen there, everyone comes in and complains about that." (*Id.* at 29:8-11). As such, the Court finds reasonable jurors could find CVS had actual knowledge of the dangerous condition based on the record evidence. *Contra Danise v. Diversified Maintenance*, No. 20-01263, 2023 WL 2263747, at *4 (D.N.J. Feb. 28, 2023) (concluding the plaintiff's could not establish actual notice of hazardous condition because there was no record evidence indicating the defendant "was actually aware of the water droplets on the hallway floor").

However, the Court recognizes "[i]t is for a jury to determine whether the commercial property owner had actual or constructive notice of the dangerous condition." *Gray v. Caldwell Wood Products, Inc.*, 42 A.3d 192, 196 (N.J. Super. Ct. App. Div. May 7, 2012) (citing *Mirza v. Filmore Corp.*, 456 A.2d 518, (N.J. 1983)); *see also Betancourt v. Home Depot U.S.A., Inc.*, No. 16-07255, 2018 WL 3954854, at *5 (D.N.J. Aug. 16, 2018) ("New Jersey courts have recognized that typically, constructive notice is 'an issue of fact left for the jury's determination.'" (quoting *Bolchune v. Shop-Rite Supermarkets, Inc.*, 2016 WL 4699172, at *4 (N.J. Super. Ct. App. Div.

10

Sept. 8, 2016))). Accordingly, the Court denies both parties' motion as there is sufficient evidence to create a triable issue of fact as to the issue of whether CVS breached its duty owed to Angelo.

### B. Genuine Disputes of Material Facts Exist as to Whether CVS Proximately Caused Angelo's Injuries

CVS also moves for summary judgment as a matter of law on the ground that Plaintiffs cannot meet their burden of proving CVS proximately caused Angelo's injuries because she did "not know what caused her to fall." (Br. at 10-11; CVS Reply at 5-7). In their opposition, Plaintiffs contend there is sufficient circumstantial record evidence to survive summary judgment. (Opp'n at 14-19).

Proximate cause consists of "'any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred.'" *Townsend*, 110 A.3d at 61 (quoting *Conklin v. Hannoch Weisman*, 678 A.2d 1060, 1071 (N.J. 1996)). To establish causation, the plaintiff must

> introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.

*Id.* at 66-68 (quoting *Davidson v. Slater*, 914 A.2d 282, 293 (N.J. 2007). "Although proximate cause is ordinarily a jury issue, it may be ruled on as a matter of law when reasonable minds could not differ." *Firstmeyer v. Cohen*, 2008 WL 2520794, at *1 (N.J. Super. Ct. App. Div. June 26, 2008) (citing *Fluehr v. City of Cape May*, 732 A.2d 1035, 1041 (N.J. 1999)). "[S]ummary judgment is appropriate where 'no reasonable jury could find that the plaintiff's injuries [have been] proximately caused by the' defendant's conduct." *Thompson v. Garden State Arts Ctr., Partners*, 2007 WL 1598616, at *3 (N.J. Super. Ct. App. Div. June 5, 2007) (quoting *Vega by Muniz v. Piedilato*, 713 A.2d 442, 449 (N.J. 1998)). "[T]he issue of a defendant's liability cannot be

11

presented to the jury simply because there is some evidence of negligence; the plaintiff must introduce evidence that affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the plaintiff's injury." *Id.* (citing *Davidson v. Slater*, 914 A.2d 282, 293 (N.J. 2007)).

However, "[t]he proof required to establish a proximate cause does not need to be absolute but only 'one of probability or likelihood.'" *Parks v. Pep Boys*, 659 A.2d 471, 474 (N.J. Super. Ct. App. Div. May 19, 1995) (quoting *Braitman v. Overlook Terrace Corp.*, 332 A.2d 212, 215 (N.J. Super. Ct. App. Div. 1974), *aff'd*, 346 A.2d 76 (N.J. 1975)). "Proof that will justify a reasonable probability as distinguished from mere possibility is all that the law requires." *Mazzietelle v. Belleville Nutley Buick Co.*, 134 A.2d 820, (N.J. Super. Ct. App. Div. 1957) (citing *Flexmir, Inc. v. Lindenman & Co.*, 73 A.2d 243, 245(N.J. 1950)). "Furthermore, such proof 'can be established by circumstantial evidence.'" *Ocasio v. Amtrak*, 690 A.2d 682, 689 (N.J. Super. Ct. App. Div. 1997) (quoting *Bergquist v. Penterman*, 134 A.2d 20, 28 (N.J. Super. Ct. App. Div.), *cert. denied*, 134 A.2d 832 (N.J. 1957)).

Plaintiffs rely upon *Berger v. Shapiro*, 152 A.2d 20 (N.J. 1959), in support of its proposition that there is sufficient record evidence to defeat summary judgment. In *Berger*, the plaintiff had testified that she had walked up steps to enter the defendant's house, "went back so the door would open, and [her] foot went into something that was empty and [she] fell down and broke [her] foot." *Id.* at 22. On cross-examination, the plaintiff further testified that when she "stepped back to get in[,] . . . [her] foot went into something that was empty," but she did not know what it was at the time. *Id.* The defendant and his wife had also testified that two bricks had been removed from the top step prior to the incident. *Id.* at 23. Based on its "examination of the testimony and photographs in evidence," the New Jersey Supreme Court affirmed the Appellate Division's

12

conclusion that the issue of whether there was a "a causal connection between the defendant's negligence and the plaintiff's injury" "should have been submitted to the jury." *Id.* at 26.

The Court disagrees with CVS that Angelo's inability to identify exactly what caused her to fall is fatal to her claim. Like the plaintiff in *Berger*, Angelo testified that she did not know what caused her to fall. (Goffinet Cert., Ex. D, ECF No. 56-9 at 23:13-15). However, as discussed *supra*, Angelo also testified that she "got out of the car where [she] parked[,] . . . walked across the parking lot," and stepped over the curb with both feet before falling in the triangular dirt area. (Goffinet Cert., Ex. D, ECF No. 56-9 at 23:9-24:16). Beyond Plaintiff's testimony, the record evidence also includes Dolan's August 19, 2016 letter that referenced the dirt area and expressly cautioned CVS that "[o]ne can very easily trip or fall, could get hurt badly if they do not look down at their feet when approaching this entry door." (Ellery Cert, Ex. A, ECF No. 61-6). Additionally, the incident report created by CVS also stated "CUSTOMER WALKING IN FROM PARKING LOT – CUSTOMER LOS[T] FOOTING WHERE DIRT AREA AND CEMENT WERE AND FELL[.]" (Ellery Cert., Ex. E, ECF No. 61-10 at 2).

Here, as detailed above, Plaintiffs have provided sufficient evidence to create a triable issue of fact as to the issue of causation. As such, CVS's motion for summary judgment on the issue of proximate cause is denied.[5]

---

[5] In their respective briefs, the parties address the admissibility of the opinion of Plaintiffs' expert, Brian Smith, P.E. (*See* Br. at 11-14; Opp'n at 19-23). Smith's expert report was attached to the attorney certifications for Plaintiffs and CVS. (*See* Goffinet Cert., ¶ 8; Ellery Cert., ¶ 15). "Rule 56 requires an expert report to be sworn by the alleged expert." *Snead v. Casino*, 700 F. Supp. 3d 203, 215 (D.N.J. 2023) (citing Fed. R. Civ. P. 56(c)(4)). "Unsworn expert reports are inadmissible on a summary judgment motion." *Id.* (citing *Fowle v. C&C Cola, a Div. of ITT-Cont'l Baking Co.*, 868 F.2d 59, 67 (3d Cir. 1989)). As such, the Court will not consider Plaintiffs' expert report at this juncture.

## IV. CONCLUSION

For the reasons set forth above, CVS's motion for summary judgment (ECF No. 56) is **DENIED**, and Plaintiffs' cross-motion for summary judgment (ECF No. 61) is **GRANTED in part,** to the extent the Court finds that CVS owed Angelo a duty of care, and **DENIED in part**.

An appropriate Order accompanies this Opinion.

DATED: 12/30/2024

HONORABLE JULIEN XAVIER NEALS
United States District Judge